**STRAFFI & STRAFFI**
670 Commons Way
Toms River, NJ 08755
(732) 341-3800
Attorney for Trustee

---

Daniel E. Straffi                    DS 1991

---

| | |
|---|---|
| In re: | ) UNITED STATES BANKRUPTCY COURT |
| | ) FOR THE DISTRICT OF NEW JERSEY |
| Schweyher, Justina A. | ) |
| | ) Chapter 7 proceeding |
| Debtor. | ) Case No. 12-15988/MBK |
| | ) |
| Daniel E. Straffi, Trustee | ) |
| | ) Adv. Pro. No. |
| Plaintiff(s), | ) |
| | ) |
| v. | ) **COMPLAINT TO DETERMINE, NATURE** |
| | ) **EXTENT AND VALIDITY OF LIENS AND** |
| | ) **TO VOID LIENS, IF ANY, NOT PROVEN;** |
| PNC Bank, NA, successor by merger with | ) **AND ALLOWING THE TRUSTEE** |
| United National Bank; Ford Motor Credit | ) **TO SELL CO-OWNER'S INTEREST** |
| Company; Kennedy Culvert & Supply Co. | ) **IN PROPERTY PURSUANT TO** |
| Huston Lumber and Supply Co.; Clayton | ) **§363(h) OF THE CODE** |
| Block Company, Inc., Ralph Clayton & | ) |
| Sons; Foley, Inc.; L & H Supply, Inc. | ) |
| Bedrock Stone, Inc.; Insurance Company | ) |
| of the State of Pennsylvania; Sandra | ) |
| Turner; Susan Leon; Woodhaven Lumber | ) |
| & Millwork, Inc.; Raritan Supply Co.; | ) |
| Stavola Construction Materials, Inc. a/k/a | ) |
| Stavola Asphalt Co., Inc.; Taylor Rental | ) |
| Center; State of New Jersey; Travelers | ) |
| Indemnity Company, successor by merger | ) |
| with Gulf Insurance Company; Midland | ) |
| Funding, LLC; Hydro Tek LTD; Discover | ) |
| Bank; and Brett R. Schweyher. | ) |
| | ) |
| Defendant(s). | ) |
| | ) |

Plaintiff, Daniel E. Straffi, Trustee for Debtor, Justina A. Schweyher, having offices located at 670 Commons Way, Building I, Toms River, New Jersey, by way of Complaint against Defendant(s) says:

**FIRST COUNT**

1. This adversary proceeding is brought pursuant to Bankruptcy Rule 7001. Venue is proper in this Court pursuant to 28 U.S.C. §1409(a). This Court has jurisdiction in this proceeding pursuant to 28 U.S.C. §157 and §1334. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(K),

2. On March 8, 2012, a voluntary Chapter 7 bankruptcy petition was filed by the debtor. Plaintiff, Daniel E. Straffi was appointed Trustee on March 9, 2012.

3. The debtor's estate includes real property commonly known as 1108 Hazelwood Ave., Middlesex, New Jersey, (hereinafter known as the "subject property").

4. The plaintiff, Trustee seeks to sell the subject property pursuant to Section 363(f) of the United States Bankruptcy Code.

5. At all times within ninety (90) days of filing bankruptcy, the Debtor was insolvent within the meaning of the Bankruptcy Code.

6. The following Defendant(s) are made parties because each may have a lien on the Debtor's property, the extent and validity of which are unknown to the Trustee. See attached pages listing creditors who may hold liens against the subject property as follows:

(a) Defendant, PNC Bank, NA, successor by merger with United National Bank holds three (3) mortgages as follows:

(1) Mortgage dated March 28, 2000 in the sum of $120,000.00 recorded on June 8, 2000 in the Middlesex County Clerk's/Register's Office in Mortgage Book 6278 at Page 340; and

(2) Mortgage dated May 2, 2000 in the sum of $20,000.00 recorded on June 8, 2000 in the Middlesex County Clerk's/Register's Office in Mortgage Book 6278 at Page 354.

(b) Defendant, Ford Motor Credit Company holds a judgment in the amount of $13,198.73 entered on July 26, 1994 and docketed in the office of the Clerk of the Superior Court of New Jersey as J-064733-1994;

(c) Defendant, Kennedy Culvert & Supply Co. holds a judgment in the amount of $31,451.14 entered on March 28, 2003 and docketed in the office of the Clerk of the Superior Court of New Jersey as J-072856-2003;

(d) Defendant, Huston Lumber and Supply Co. holds a judgment in the amount of $30,240.79 entered on June 25, 2003 and docketed in the office of the Clerk of the Superior Court of New Jersey as J-156968-2003;

(e) Defendant, Clayton Block Company, Inc., Ralf Clayton & Sons holds a judgment in the amount of $19,454.99 entered on July 3, 2003 and docketed in the office of the Clerk of the Superior Court of New Jersey as J-164684-2003;

(f) Defendant, Foley, Inc. holds a judgment in the amount of $196,775.71 entered on July 18, 2003 and docketed in the office of the Clerk of the Superior Court of New Jersey as J-182197-2003;

(g) Defendant, L & H Supply, Inc. holds a judgment in the amount of $7,693.75 entered on August 25, 2003 and docketed in the office of the Clerk of the Superior Court of New Jersey as J-213583-2003;

(h) Defendant, Bedrock Stone, Inc. holds a judgment in the amount of $13,877.32 entered on October 7, 2003 and docketed in the office of the Clerk of the Superior Court of New Jersey as J-241174-2003;

(i) Defendant, Insurance Company of the State of Pennsylvania holds a judgment in the amount of $77,736.95 entered on December 22, 2005 and docketed in the office of the Clerk on Superior Court of New Jersey as J-334720-2005;

(j) Defendants, Sandra Turner and Susan Leon hold judgments in the amounts of $23,782.34 and $126,741.89 entered on April 13, 2010 and docketed in the office of the Clerk of the Superior Court of New Jersey as J-105477-2010;

(k) Defendant, Woodhaven Lumber & Millwork, Inc. holds a default judgment in the amount of $1,765.65 entered on July 24, 2003 and docketed in the office of the Clerk of the Superior Court of New Jersey as DJ-186850-2003;

(l) Defendant, Raritan Supply Co. holds a default judgment in the amount of $6,012.79 entered on August 19, 2003 and docketed in the office of the Clerk of the Superior Court of New Jersey as DJ-206282-2003;

(m) Defendant, Stavola Construction Materials Inc. a/k/a Stavola Asphalt Co., Inc. holds a default judgment in the amount of $1,683.67 entered on October 14, 2003 and docketed in the office of the Clerk of the Superior Court of New Jersey as DJ-243124-2003;

(n) Defendant, Stavola Construction Materials Inc. a/k/a Stavola Asphalt Co.,

Inc. holds a default judgment in the amount of $9,477.08 entered on December 23, 2003 and docketed in the office of the Clerk of the Superior Court of New Jersey as DJ-29056-2003;

(o)     Defendant, Taylor Rental Center holds a default judgment in the amount of $13,243.43 entered on February 26, 2004 and docketed in the office of the Clerk of the Superior Court of New Jersey as DJ-034071-2004;

(p)     Defendant, State of New Jersey holds a default judgment in the amount of $15,290.00 entered on September 9, 2004 and docketed in the office of the Clerk of the Superior Court of New Jersey as DJ-238452-2004;

(r)     Defendant, Travelers Indemnity Company, successor by merger with Gulf Insurance Company holds a default judgment in the amount of $2,442,379.34 entered on October 2, 2007 and docketed in the office of the Clerk of the Superior court of New Jersey as DJ-259937-2007 and a judgment in the sum of $2,442,379.34 entered on May 9, 2007 and docketed in the office of the Clerk of the United States District Court of New Jersey as CV-001178-2006;

(s)     Defendant, Midland Funding, LLC holds a default judgment in the amount of $8,513.42 entered on March 4, 2009 and docketed in the office of the Clerk of the Superior Court of New Jersey as DJ-059934-2009;

(t)     Defendant, Hydro Tek LTD holds a default judgment in the amount of $1,367.00 entered on April 8, 2010 and docketed in the office of the Clerk of the Superior Court of New Jersey as DJ-102341-2010;

(u)     Defendant, Discover Bank holds a default judgment in the amount of $5,058.02 entered on March 5, 2011 and docketed in the office of the Clerk of the Superior Court of New Jersey as DJ-067840-2011;

7. One or more of the lien(s) described above may be invalid or subordinate as to the Trustee under applicable provisions of the United States Bankruptcy Code.

8. It is in the best interest of the estate that the Court may determine the extent and validity of liens on property of the estate.

**WHEREFORE,** Plaintiff demands judgment as follows:

(a) that this Court may determine the extent and validity of liens of each of the Defendants. That upon failure of Defendants to answer the Complaint and prove it here, that a judgment be entered that Defendants have no lien on the property(s) sought to be sold or the proceeds of sale; and

(b) that the Plaintiff be allowed to sell the subject property; and

(c) for such other relief as is just and proper.

## SECOND COUNT

9. Plaintiff repeats and incorporates herein the allegations of the First Count as if set forth herein verbatim.

10. The debtor and defendant, Brett R. Schweyher are co-owners of 1108 Hazelwood Ave., Middlesex, New Jersey referred to in Par. 3 of the First Count.

11. Plaintiff seeks to sell the interest of the defendant, Brett R. Schweyher in said property under §363(h) of the Bankruptcy Code.

12. The property cannot be partitioned.

13. Sale of the estate's undivided interest would realize significantly less for the estate than if sold free of the defendant's interest.

14. The benefit to the estate of sale of the property outweighs any detriment to the defendant.

15. Such property is not used for the production, transmission or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.

**WHEREFORE,** Plaintiff demands judgment allowing the Trustee to sell the subject property free of the interest of defendant, Brett R. Schweyher with the defendant's interest, if any, to attach to the proceeds of sale.

Dated: 11/13/12

_____
DANIEL E. STRAFFI
Attorney for Plaintiff